# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE ANN CORTEZ, | NO. SA CV 17-0756-JGB (KS) |
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | |
| Defendant. | |

## INTRODUCTION

On April 27, 2017, Plaintiff, a California resident proceeding *pro se*, filed a Complaint seeking review of the denial of her application for disability insurance benefits ("DIB"). (Dkt. No. 1.) On May 8, 2017, the Court issued a Case Management Order. (Dkt. No. 7.) Paragraph X of that Order states that Plaintiff shall "file a Motion for Summary Judgment within 30 days of service of Defendant's responsive pleading and the administrative record." (Dkt. No. 7.) Defendant filed her Answer to the Complaint and the Certified Administrative Record on September 18, 2017. (Dkt. Nos. 16, 17.) Accordingly, Plaintiff's deadline for filing her Motion for Summary Judgment was October 18, 2017. (*See* Dkt. No. 7.)

On December 22, 2017, two months after Plaintiff's deadline for filing a Motion for Summary Judgment had passed and no Motion for Summary Judgment had been filed, the Court issued an Order to Show Cause Re: Dismissal, requiring Plaintiff to show cause no later than January 12, 2018 why the Court should not recommend dismissal for failure to prosecute based on Plaintiff's failure to comply with the Court's May 8, 2017 Order. (Dkt. No. 18.) The Order expressly advised Plaintiff that her failure to timely respond would result in a recommendation of dismissal pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (*Id.*)

Over two weeks have now passed since Plaintiff's January 12, 2018 deadline for responding to the Court's December 22, 2017 Order to Show Cause, and Plaintiff has not responded, filed a Motion for Summary Judgment, or otherwise communicated with the Court about her case. Accordingly, the case is now subject to dismissal pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Local Rule 41-1.

**DISCUSSION**

Rule 41(b) of the Federal Rules of Civil Procedure grants federal district courts the authority to *sua sponte* dismiss actions for failure to prosecute. *Link v. Wabash R. Co.*, 370 U.S. 626, 629-30 (1962). In determining whether dismissal for lack of prosecution is proper, a court must weigh several factors, including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring the disposition of cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992).

In this case, the first two factors – public interest in expeditious resolution of litigation and the need to manage the Court's docket – weigh in favor of dismissal. More than three

months have passed since Plaintiff's deadline for filing a Motion for Summary Judgment and Plaintiff has yet to file the motion despite the Court's orders directing her to do so. Further, when asked to show cause for her failure to file a Motion for Summary Judgment, Plaintiff did not respond. Nearly *six* months have now passed since Plaintiff's last communication with the Court in this case. Plaintiff's failure to file a Motionfor Summary Judgment, request an extension of time, or show good cause for her delay hinders the Court's ability to move this case toward disposition and indicates that Plaintiff does not intend to litigate this action diligently.

The third factor – prejudice to Defendants – also counsels in favor of dismissal. The Ninth Circuit has held that prejudice may be presumed from unreasonable delay. *See In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994); *Moore v. Teflon Commc'ns. Corp.*, 589 F.2d 959, 967-68 (9th Cir. 1978). Plaintiff's months of inaction in this matter is an unreasonable delay, given that the Court ordered Plaintiff to file a Motion for Summary Judgment no later than October 18, 2017, and Plaintiff did not comply, seek an extension, or communicate with the Court about her case. In the absence of any explanation, non-frivolous or otherwise, for Plaintiff's delay, the Court presumes prejudice. *See Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002) (presumption of prejudice can be rebutted by a non-frivolous explanation); *Pagtalunan*, 291 F.3d at 642 (citing *Yourish v. California Amplifier*, 191 F.3d 983, 991 (9th Cir. 1999)).

The fourth factor – the availability of less drastic sanctions – ordinarily counsels against dismissal. However, the Court attempted to avoid outright dismissal by giving Plaintiff the opportunity to request an extension of time, the opportunity to file a Motion for Summary Judgment that complies with the Court's May 8, 2017 Order, and an express warning that Plaintiff's failure to comply with the Court's orders could result in dismissal. (*See* Dkt. No. 18 at 2.) Plaintiff did not respond, and she has not communicated with the Court about this case since August 1, 2017. (*see* Dkt. No. 12.) Thus, the Court explored the

only meaningful alternatives to dismissal in its arsenal and found that they were not effective. *See Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) ("the district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives.") (citation omitted). The Court therefore concludes that sanctions other than dismissal are no longer appropriate.

Only the fifth factor, the general policy favoring resolution of cases on the merits, arguably favors retention of this action on the Court's docket. It is, however, the responsibility of the moving party to move the case toward disposition on the merits at a reasonable pace and to refrain from dilatory and evasive tactics. *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991). The Court cannot dispose of a case on its merits when the plaintiff fails to move the case forward, does not comply with court orders, and does not explain her silence or delay. Plaintiff has now allowed this matter to languish on the Court's docket since April of 2017, despite the Court's repeated instructions and warnings. It therefore appears that the Court's retention of this action would not increase the likelihood that the matter would be resolved on its merits.

\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\

## CONCLUSION

For the foregoing reasons, failure to prosecute warrants dismissal of this action. Accordingly, IT IS ORDERED that: the Petition is DISMISSED WITHOUT PREJUDICE; and Judgment shall be entered dismissing this action without prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: February 20, 2018

JESUS G. BERNAL
UNITED STATES DISTRICT JUDGE

Presented by:

KAREN L. STEVENSON
UNITED STATES MAGISTRATE JUDGE